IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARRYL BOARD**, : | |
| : | |
| Petitioner : | CIVIL NO. 1:CV-06-1512 |
| : | |
| v. : | (Judge Conner) |
| : | |
| **TROY WILLIAMSON**, *et al.* : | |
| : | |
| Respondents. : | |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by petitioner Darryl Board ("Board"), an inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"). (Doc. 1.) Board is challenging his federal sentence in the United States District Court for the Eastern District of New York. For the reasons that follow, the petition will be denied.

**I.    Statement of Facts**

In July 2003, following a jury trial in the United States District Court for the Eastern District of New York, Board was convicted of several counts of armed robbery, see 18 U.S.C. §§ 371, 2113-2114, and several counts of use of a firearm during a crime of violence, see 18 U.S.C. § 924 (c)(1) (1993). Thereafter, a sentencing hearing was held. The district judge found that, because Board had been convicted of multiple counts of use of a firearm during a crime of violence, he was a recidivist offender and exposed to a twenty-year minimum sentence of imprisonment under

18 U.S.C. § 924 (c)(1) ("In case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years . . . ."). Based on this finding, and pursuant to the United States Sentencing Guidelines, on May 2, 1994, the district judge sentenced Board to a term of imprisonment of fifty-six (56) years and eight (8) months. (Doc. 2, Part 1 at 19.)

The United States Court of Appeals for the Second Circuit affirmed the conviction and sentence on April 30, 1996, see United States v. Williams, et al., 101 F.3d 683 (2d Cir. 1996) (mem.), and the United States Supreme Court denied a petition for writ of certiorari. See Williams v. United States, 519 U.S. 900 (1996). Board then filed a motion to correct or vacate his sentence pursuant to 28 U.S.C. § 2255. That petition was denied by the district court on September 20, 1999. (Doc. 2, Part 1 at 19.) On February 5, 2001, the Court of Appeals for the Second Circuit denied Board's request for a certificate of appealability and dismissed his appeal. (Id.)

On September 24, 2003, Board sought permission from the Second Circuit to file a second or successive § 2255 petition. His request was based on Castillo v. United States, 530 U.S. 120 (2000), in which the United States Supreme Court determined that the type of firearm "used" during a crime of violence under 18 U.S.C. § 924(c)(1) is an element of the offense. Board characterized the ruling as "an intervening decision of statutory interpretation that placed Petitioner Board's Title 18 U.S.C. § 924(c)(1)'s 'subsequent conviction' enhancement outside the power of the Government to proscribe as criminal for first offenders." (Doc. 2, Part 1 at

2

20.)  The Second Circuit denied Board's application to file a second or successive petition, concluding that Board had failed to meet the requirements of 28 U.S.C. §§ 2244(a), 2255 ¶ 8.[1]  (Doc. 2, Part 2 at 9.)

On May 3, 2004, Board filed a habeas petition pursuant to 28 U.S.C. § 2241 in this court, in the district of his confinement, (see 1:04-CV-00966) (Doc. 1), arguing that Castillo and Harris v. United States, 536 U.S. 545 (2002) constitute new statutory interpretations of 18 U.S.C. § 924(c)(1) that render the conduct of which he was convicted non-criminal.  This court disagreed, finding that Board's exclusive avenue for relief was § 2255, and, thus, dismissed his petition for lack of jurisdiction. (Id., Doc. 16.)  Board appealed the decision to the Third Circuit Court of Appeals. (Id., Doc. 17).  However, soon thereafter, Board submitted a letter to this court

---

[1] Section 2244 provides in pertinent part as follows:
§ 2244. Finality of determination
    (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
28 U.S.C. § 2244(a).  Section 2255, in pertinent part, provides,
    A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
        (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
        (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255 ¶ 8.

indicating that he wished to withdraw that appeal, (Id., Doc. 19), and the Third Circuit subsequently issued an order dismissing Board's appeal for failure to prosecute. (Id., Doc. 20.)

On August 4, 2006, Board returned to this court with the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the same conviction and sentence. On August 15, 2006, an order to show cause was issued, directing respondent to reply to Board's petition. The matter is now ripe for disposition.

**II.    Discussion**

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a § 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to the validity of a conviction or to a sentence must be brought in such a motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); Snead v. Warden, F.C.I. Allenwood, 110 F.Supp. 2d 350, 352 (M.D. Pa. 2000). The motion is filed in the district court where the defendant was convicted and sentenced. See 28 U.S.C. § 2255 ¶ 5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a § 2241 petition only when he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d

4

117, 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Hence, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). Conversely, when § 2255 does not provide an adequate remedy, the petitioner may secure habeas relief through a petition under § 2241 filed and adjudicated by the court in the district of confinement. Dorsainvil, 119 F.3d at 249.

    The Third Circuit has recognized the inadequacy of § 2255 when, following the denial of an initial petition in the sentencing court, the Supreme Court announces a new statutory interpretation that renders the conduct of which the petitioner was convicted non-criminal. Id. This exception is necessary to avoid the "complete miscarriage of justice" that might otherwise result. Id. at 250-51 (quoting Davis v. United States, 417 U.S. 333, 346-47 (1974)). Section 2255 prohibits an individual from filing a second or subsequent petition unless based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255. A new rule of *statutory* interpretation falls within neither of these exceptions, and a

5

petitioner is barred from seeking relief under § 2255 even though he or she is now imprisoned for conduct that is not criminal. Dorsainvil, 119 F.3d at 249-52. In this limited case, § 2241 serves as an avenue for relief. Id.

The aforementioned principles were applied to Board's prior § 2241 petition brought before this court. In that case, Board argued that the decision in Castillo rendered his sentence unlawful. He also argued that statutory amendments to 18 U.S.C. § 924(c)(1) enacted in 1998 negated the criminality of his conduct. Additionally, he claimed that Harris, in which the Supreme Court determined that "use" of a firearm was a sentencing factor rather than an element of the offense under the revised version of 18 U.S.C. § 924(c)(1), supports his claim that he was not a recidivist offender by virtue of his multiple-count convictions.

This court disagreed with Board's arguments. In doing so, the court reasoned that Board was not challenging the findings that he "used" a "firearm," the terms of the statute at issue in Castillo and Harris respectively; rather, Board was challenging the finding that he was a recidivist offender. This issue, however, was not reached in either Castillo or Harris, and those decisions cannot be read as rendering the conduct of which Board was convicted non-criminal. In addition, the court concluded that the subsequent statutory amendments to § 924(c)(1) do not support Board's petition. The court stated, "Assuming *arguendo* that these enactments altered the meaning of the recidivist provisions of § 924(c)(1), they did not impact the interpretation of the prior version of the statute or the criminality of conduct prosecuted prior to the date of amendment. See Act of Nov. 13, 1998, Pub.

6

L. No. 105-386, 112 Stat. 3569." (1:04-CV-00966; Doc. 16 at 5.) Because none of the provisions or decisions cited by Board suggested that he is in prison for conduct that is not criminal, the court concluded that § 2255 was not inadequate to test the legality of Board's sentence, and dismissed the petition for lack of jurisdiction.

In the instant case, Board raises substantially similar claims. Board claims that he should not have received a sentence enhancement based on his conviction as a habitual criminal for a "second or subsequent" offense under § 924(c)(1). Instead, Board contends that he is innocent of the habitual criminal enhancement because the offense under 924(c)(1) listed in the indictment failed to indicate a specific firearm, as required by the 1998 enactments to § 924(c)(1), and as interpreted by the Supreme Court in Castillo, 530 U.S. at 123, 131 (finding that Congress intended the statutory references to particular firearm types in § 924(c)(1) to define a separate crime in which the indictment must identify the firearm type and a jury must find that element proved beyond a reasonable doubt). (Doc. 2, Part 2 at 11.) He claims that, while typically he would be able to raise this issue in a second or successive § 2255 petition, in this case § 2255 is inadequate and ineffective to challenge the sentence enhancement because the issue is barred by the gatekeeping provisions of § 2255. (Id. at 27.) As a result, Board argues, § 2241 is the proper avenue for relief.

Board's arguments are unavailing here. First, Board has not demonstrated that the conduct of which he was convicted is now non-criminal. As stated in the court's memorandum accompanying the dismissal of his prior § 2241 petition filed

7

in this court, Board has not cited to any provision or decision that suggests he is in prison for conduct that is not criminal. The statutory interpretation announced by the Supreme Court in Castillo does not render the conduct of which Board was convicted non-criminal. See Dorsainvil, 119 F.3d at 249. Therefore, Board has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255.

Board cannot claim that a challenge to his sentence enhancement is barred by the gatekeeping provisions of § 2255, thus enabling the use of a § 2241 petition to raise such an issue. In Dorsainvil, the Third Circuit expressly stated, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 251. For these reasons, § 2241 cannot serve as an avenue for relief in this case, and the instant petition will be dismissed for lack of jurisdiction. See Galante, 437 F.2d at 1165.

An appropriate order will issue.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        March 9, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARRYL BOARD**, | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 1:CV-06-1512** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **TROY WILLIAMSON**, *et al.* | : | |
| | : | |
| **Respondents.** | : | |

## ORDER

AND NOW, this 9th day of March, 2007, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The motion for leave for discovery (Doc. 18) is DENIED.

3. The Clerk of Court is directed to CLOSE this case.

                                                    S/ Christopher C. Conner
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge