IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL BOARD, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-06-1512 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| TROY WILLIAMSON, *et al.* | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

Presently before the court is petitioner Darryl Board's motion for reconsideration of the court's memorandum and order of March 9, 2007 (Doc. 21.), dismissing for lack of jurisdiction his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the instant motion (Doc. 22) will be denied.

I.  **Background**

Petitioner, an inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 4, 2006, challenging his July 1993 conviction and subsequent May 1994 sentence in the United States District Court for the Eastern District of New York. (See Doc. 1.) Board argued that he should not have received a sentence enhancement based on his conviction as a habitual criminal for a "second or subsequent" offense under 18 U.S.C. § 924(c)(1), relating to the use of a firearm during a crime of violence. Instead, Board contended that he is innocent of the habitual criminal enhancement because the offense under § 924(c)(1) listed in

his indictment failed to indicate a specific firearm, as required by the 1998 enactments to § 924(c)(1), and as interpreted by the United States Supreme Court in Castillo v. United States, 530 U.S. 120, 123 (2000) (finding that Congress intended the statutory references to particular firearm types in § 924(c)(1) to define a separate crime in which the indictment must identify the firearm type and a jury must find that element proved beyond a reasonable doubt).  (Doc. 2, Part 2 at 11.)  As a result, he sought dismissal of the charges under § 924(c)(1).[1]

By memorandum and order dated March 6, 2007, the court dismissed petitioner's habeas petition for lack of jurisdiction.  (Doc. 21.)  Specifically, the court found that the statutory interpretation announced by the Supreme Court in Castillo does not render the conduct of which petitioner was convicted non-criminal.  (See Doc. 21 at 7-8.)  Thus, petitioner had not demonstrated that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention.  (Id. at 8.)  Further, the court concluded that petitioner could not claim that a challenge to his sentence enhancement is barred by the gatekeeping provisions of § 2255, thus enabling the use of a § 2241 petition to raise such an issue.  (Id.)  As a result, the petition was dismissed for lack of jurisdiction.

---

[1] Petitioner had also claimed that, while normally he would have been able to raise this issue in a second or successive petition pursuant to 28 U.S.C. § 2255, in this case § 2255 is inadequate and ineffective to challenge the sentence enhancement because the issue is barred by the gatekeeping provisions of § 2255. (See Doc. 2, Part 2 at 27.)  As a result, Board argued, § 2241 is the proper avenue for relief.

Consequently, petitioner filed the instant motion for reconsideration. (Doc. 22.) After careful review, the court will deny the motion.

## II. Discussion

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because

federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant motion, petitioner claims that this court "cav[ed] into the government's, better late than never position" in dismissing his habeas petition for lack of jurisdiction. (Doc. 22 at 2.) He also claims that it was a "miscarriage of justice" for him to have been sentenced by one district court under a new rule of statutory interpretation, and yet be denied relief by another district court under another new rule of statutory interpretation. (Id.) The remainder of his motion restates much of the argument made in his original habeas petition.

Applying the standard used when a party seeks reconsideration, the court concludes that petitioner has not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. Additionally, petitioner's restated arguments do not constitute new evidence that was unavailable when the court entered judgment. Thus, the court finds no basis to reconsider its findings that the statutory interpretation announced by the Supreme Court in Castillo does not render the offense of conviction non-criminal, and that petitioner is not entitled to challenge his sentence enhancement pursuant to 28 U.S.C. § 2241.

An appropriate order will issue.

      S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:       June 13, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRYL BOARD,** | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 1:CV-06-1512** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **TROY WILLIAMSON,** *et al.* | : | |
| | : | |
| Respondents. | : | |

## ORDER

AND NOW, this 13th day of June, 2007, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that petitioner's motion for reconsideration (Doc. 22) is DENIED.

        S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge